[No. 6,377.]

## SHARPSTEIN v. FRIEDLANDER.

EQUITABLE ASSIGNMENT—ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIM.—I. F., defendant's testator, in consideration of professional services rendered by plaintiff as attorney, in obtaining a settlement of a certain claim—by which the former had obtained two promissory notes for $5,000 each—agreed to hold the said notes, and to collect them, and to pay to the plaintiff one-half of the amount received. I. F. assigned one of the notes for value, and died, and after his death the note was paid to the assignee. In an action against I. F.'s executrix, to compel her to assign and deliver the other note to the plaintiff: *Held*, that upon the payment of the assigned note, the plaintiff might have claimed against the estate of I. F. one-half of the amount, and that his claim in such case should have been presented to the executrix within the time prescribed by law; but that he could also elect to regard the two notes as constituting an entire fund, and to take the unpaid note as his share thereof, and that in such case it was unnecessary to present his claim.

APPEAL from a judgment for defendant in the Fifteenth District Court, City and County of San Francisco.

The agreement referred to in the opinion is as follows, viz:

"In consideration of professional services rendered for me by J. R. Sharpstein, an attorney-at-law, in obtaining a settlement of a claim which I had against Robert Sheehy, by which settlement I obtained from said Sheehy his two promissory notes for five thousand dollars each, payable respectively on September 1st, 1878, and July 1st, 1879, I hereby agree to hold said notes, and to collect them when they and each of them shall become due, or as soon thereafter as I reasonably can, and to pay to said Sharpstein one-half of any sum or sums that I may receive on said notes, or either of them.

"Dated San Francisco, January 14th, 1878.

"I. FRIEDLANDER."

The other facts are stated in the opinion.

*J. R. Sharpstein*, Appellant, in person.

The contract, upon which the action is based, amounted to an equitable assignment. (*Hoffman* v. *Vallejo*, 45 Cal. 572; *Pat-*

*ten* v. *Wilson*, 34 Penn. (10 Casey) 299; *Wylie* v. *Cox*, 15 How. 415; *Seymour* v. *Freir*, 8 Wall. 214; 2 Story's Eq. § 1047; *Bower* v. *Hadden Blue Stone Co.*, 30 N. J. Eq. 171.) The agreement raised a trust in favor of the plaintiff against Friedlander, or any one claiming under him, voluntarily or with notice. (1 Perry on Trusts, § 82.)

*Doyle, Barber & Scripture,* for Respondent.

The agreement does not assign, nor does it contemplate an assignment of either note. Its object was to fix the amount to be paid plaintiff for his services, and the contingency upon which it was to be paid. It created a personal liability only, and did not create a trust. (2 Story's Eq. §§ 963–4 and note.) The claim should have been presented as a demand against the estate. (Code Civ. Proc. § 1500.)

The most that plaintiff can claim, even on his own theory of the case, is to be deemed to be half owner of the note, which came to the hands of the executrix, and to have a claim against the estate for one-half the amount collected on the other.

By the COURT:

The contract on the part of Friedlander was to pay to the plaintiff one-half of any sum he might receive from Sheehy on the notes, or on either of them. Friedlander never did in his lifetime receive from Sheehy any sum on the notes, or on either of them. There was therefore no cause of action against Friedlander in his lifetime, in favor of the plaintiff, by reason of the agreement set forth in the complaint. It is true that Friedlander had, before his death, transferred one of the notes for value to the Nevada Bank, but he presumptively remained liable to the bank as indorser of the note, in the event that Sheehy, the maker, failed to pay it; and until this payment by the maker had occurred, Friedlander could not be said to have absolutely, or within the intent of the agreement between himself and the plaintiff, received any sum upon the notes thus transferred. If, immediately upon the transfer being made, the

plaintiff here had commenced an action to recover of Friedlander one-half of the amount of the note transferred, the answer of Friedlander would have been that Sheehy, the maker, had not paid the amount of the note, or any part of it; and if told that he (Friedlander) had realized the amount of the note by its transfer for value, he might have replied that he was himself still liable to the bank as indorser, and in the event of the maker failing to pay, might be compelled, as indorser, to refund to the bank whatever value he had received by reason of the transfer of the note. In fact, we regard the transfer of the note to the bank, up to the time when Sheehy actually paid the note, as amounting to nothing more, in its legal effect upon the rights of the plaintiff and Friedlander, than a deposit of the note by the latter, as collateral security for a loan effected by him of the bank, would have done.

It was only, therefore, after the note had been actually paid by the maker, that the plaintiff's right under the contract with Friedlander became capable of assertion—regarding the two notes as two separate funds. He might then have claimed against Friedlander, had he been living, the one-half of the proceeds of the note which had been paid; and Friedlander in the meantime having departed this life, it would have been necessary, in order to keep his claim to the one-half on foot, to present the claim to the executrix for allowance or rejection, according to the provisions of the statute regulating the enforcement of claims against the estate of decedents.

But we think that the plaintiff had also another and independent remedy, through which his admitted rights could be enforced. Had Friedlander, in his lifetime, received the entire proceeds of the first note, and appropriated them to his own use— or, what is the same thing, failed to pay to the plaintiff his share thereof—the latter might have elected to claim for himself the second note in its entirety. We regard the two notes of $5,000 each, held by Friedlander on joint account for himself and plaintiff, as constituting for this purpose an entire fund of $10,000, to be equally divided between the parties. For this purpose they may be considered as money, instead of mere securities for money. If both notes had been in fact paid, and

Friedlander had thereupon appropriated to himself one-half of the entire amount, the right of the plaintiff to the other half would have been indisputable. The entirety of the fund is not affected by the payment by the maker of one of the two notes which originally constituted the fund, and we cannot see upon what principle the right of the plaintiff to elect to take the other and unpaid note as his share of the fund is affected by such payment.

The judgment is therefore reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion in this case.