[Department One.—January 25, 1883.]

## J. R. SHARPSTEIN, RESPONDENT, v. PRISCILLA FRIEDLANDER, APPELLANT.

LAW OF THE CASE—DECISION ON APPEAL.—A decision on appeal establishing the legal effect of an agreement with reference to a right asserted under it, becomes the law of the case, and cannot be questioned on a second appeal.

TRUST—LIABILITY OF TRUSTEE.—The defendant had possession of a promissory note to which the plaintiff was entitled under an agreement between him and one Isaac Friedlander, deceased, and the action was brought to compel an assignment and delivery of the note to the plaintiff. The note was payable to Isaac Friedlander, who held it at the time of his death, and the defendant obtained possession of it as executrix of his estate. After the commencement of the action the defendant collected the note by off-setting in part a claim which the maker had against the estate, and receiving the balance in money, and thereupon surrendered the note to the maker. A supplemental complaint was filed stating the fact of the collection, and demanding a judgment against the defendant for the amount of the note. *Held*, that the plaintiff was entitled to recover, that the defendant was a trustee for his benefit, and that her duty was to deliver the note to him; that its collection and surrender constituted a breach of trust, and that she was personally liable for the amount.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The agreement on which the action was based will be found in the report of the case on the former appeal — 54 Cal. 58.

*Doyle, Barber & Scripture*, for Appellant.

*McAllister & Bergin*, for Respondent.

PER CURIAM. — When this case was before the late Supreme Court, on a former appeal from a judgment upon demurrer to the complaint in the. action, 54 Cal. 58, the court announced as the law of the case that the plaintiff had the right to elect to regard the two promissory notes which constituted the subject-matter of the agreement upon which the action was founded, as constituting one entire fund, and to take as his share of the fund the unpaid note which had come into the hands of the defendant, who claimed to hold it as executrix of the estate of Isaac Friedlander, deceased.   Defendant therefore held the note for the benefit of the plaintiff, and the action was maintainable against her personally, and not as representative of the estate of Friedlander.

That decision has been challenged on the argument of this appeal; but whatever opinion may be entertained of the original question involved in the action in which the decision was rendered, the decision itself must be regarded as a final determination of the rights of the parties to the promissory note, which was the subject-matter in suit.   The plaintiff was entitled to it or its proceeds if collected by the defendant.   Holding the note as she did in trust for the benefit of the plaintiff, the defendant had no authority to deal with it as her own, or as an asset of the estate of which she was executrix; she could not use it in payment of her own debt, or of any claim against the estate. Hence, when she, instead of discharging her trust by surrendering the note to the plaintiff, collected it from the maker, she became personally liable for the proceeds thereof; and she was not entitled to off-set the amount by any claim which the maker of the note might have had against the estate.

Judgment and order affirmed.

Hearing in Bank denied.