[Civ. No. 4217. First Appellate District, Division Two.—May 19, 1922.]

## ALVA R. McCARTY, Executor, etc., Respondent, v. PHILIP L. WILSON, Appellant.

[1] ESTATES OF DECEASED PERSONS—SALE OF REAL PROPERTY—VALIDITY OF ORAL CONTRACT—EFFECT OF FORMER DECISION.—On this appeal from a judgment for the balance due upon the purchase price of land belonging to the estate of a deceased person and which had been sold to the defendant upon an order of court, the only question involved, namely, as to whether the oral contract between the parties and the facts surrounding its execution raised such inequity in the conduct of the plaintiff that he should be denied relief by a court of equity, is foreclosed by the decision of the supreme court on the former appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lloyd Miller and Philip Wilson for Appellant.

Charles L. Allison and Meserve & Meserve for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $33,023, together with interest from February 10, 1912. This amount represents the balance due upon the purchase price of land belonging to the estate of Anna E. McCarty, deceased, and which had been sold to defendant upon an order of court, made and entered in the course of probate proceedings.

The record presented upon appeal is lengthy and it would serve no useful purpose to discuss the facts in detail because the matter has been considered twice by our supreme court. Upon the first trial of the cause judgment was given for the defendant and this judgment was affirmed by the district court of appeal. A hearing was granted by our supreme court and said judgment in favor of defendant was reversed. Thereupon, the defendant and present appellant petitioned the supreme court for a rehearing of said matter and a supplemental opinion was filed in answer to this petition, which did not, however, change the effect of the opinion. (*McCarty* v. *Wilson,* 184 Cal. 194 [193 Pac. 578].) Thereafter, a second trial was had, resulting in a judgment for the plaintiff from which this appeal is taken. The facts found by the trial court upon the present record present precisely the same questions of law as those passed upon by the supreme court upon the former appeal.

Appellant concedes that many of the matters relied upon by him for a defense in the first trial are settled against him by the opinion of the supreme court upon the former appeal. One point, however, he contends was not passed upon in the former appeal, and upon that point he relies for a reversal of the judgment. His position is stated by him as follows: "The only question involved on this appeal is whether respondent under the circumstances attending the execution of the contract of sale is entitled to the aid of a court of equity."

Upon the former appeal, the supreme court passed upon the order of sale made by the probate court and held it to

be valid; it also passed upon the right of the executor, as such, to enforce a specific performance of the contract for the sale and purchase of the land.

The record contains a finding as follows: "It was also orally understood and agreed by and between the said parties that the said plaintiff, as such executor, would sell and deliver to the defendant a good and sufficient title to the said premises free and clear of all encumbrances, and that the defendant would buy the said premises from the said plaintiff and should pay to the said plaintiff the sum of eleven thousand dollars in cash, and should be extended certain credit for the balance of the purchase price." It is upon this finding that appellant's contention upon this appeal is based. He maintains that as the executor did not disclose to the probate court the terms of this oral agreement, he was guilty of a fraud upon the court and upon the defendant. He calls attention to the finding that the defendant relied upon this oral contract as a consideration for entering into the contract for the purchase of the land, and that defendant relied upon the promise of plaintiff that he would present to the probate court a true and correct return and account of the said sale, showing all the terms and conditions thereof, and would procure a confirmation thereof, and it was because of this reliance that the defendant failed to be present at the hearing when the order of sale was made and failed to make objection to the confirmation of such sale as a sale for cash. These various matters, he contends, raise such inequity in the conduct of the plaintiff that he should be denied relief by a court of equity.

This contract, made between the parties outside of court and not embodied in the order of court for a sale of the property, was considered by the supreme court in reaching its conclusion upon the former appeal. The opinion filed therein (184 Cal., at page 199 thereof [193 Pac. 578]) refers to the same, stating that even though the court were to assume that such contract was with McCarty, as executor, instead of individually, nevertheless, its provisions regarding good and sufficient title are not violated by the facts appearing in the record and such provisions do not furnish a ground for a refusal on the part of the defendant to perform his contract to purchase the land. Other provisions

of said agreement are discussed in said opinion of the supreme court, indicating that the same was fully considered, and its effect, if any, upon the rights of the parties hereto, under the facts in evidence, could not have been overlooked.

[1] Appellant contends that the opinion of the supreme court does not indicate that that court had in mind, specifically, the objection now made by appellant, i. e., that this contract between the parties raised certain inequitable features in the case which would defeat specific performance and, therefore, that question is open for discussion upon this appeal. We think the entire matter is foreclosed by the decision of the supreme court. That decision held that this contract relied upon by appellant, and the facts surrounding it, constitute no bar to a decree against defendant for specific performance. This defeats appellant's claim, regardless of the nature of the argument upon which he may proceed. This is a sufficient answer to the point made upon appeal, but if it is any satisfaction to the appellant to know beyond a doubt that the supreme court of this state has considered the precise argument he now makes in support of his general contention, it may not be amiss for us to add that an examination of the record presented to the supreme court upon the former appeal reveals that the attorney who at that time represented the present appellant contended in an elaborate brief that this unfulfilled agreement between the parties raised an insurmountable obstacle to affording to plaintiff the remedy of specific performance of the contract for the sale and purchase of the land.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.