[Civ. No. 9780. Second Appellate District, Division Two.—June 1, 1935.]

W. L. CARPENTER, Respondent, v. PACIFIC STATES SAVINGS AND LOAN COMPANY et al., Appellants.

John L. Mace and Arch R. Tuthill for Appellants.

Frank S. Hutton and C. P. Von Herzen for Respondent.

CRAIL, J.—This is an appeal from an order granting a new trial. A note and deed of trust upon some real property signed by the Boulevard Properties, Ltd., as trustor, to the Pacific States Savings and Loan Company, as bene-

ficiary, were executed and recorded. Later the plaintiff obtained a judgment against the Boulevard Properties, Ltd., which became a lien upon the property.

The day before plaintiff levied execution under his judgment a contract was entered into between Boulevard, Ltd., and the Pacific Company, which, after referring to said deed of trust and to the default in the performance thereof and to the fact that said deed of trust provided in the event of default that Pacific Company was entitled to the immediate possession of the premises, together with the business conducted therein, contained in substance the following provisions: (1) Boulevard, Ltd., delivers the possession of said premises to Pacific Company, (2) all accounts receivable from rentals shall be pro rated as of the date of the contract, all rentals accruing after date of contract to belong to Pacific Company, (3) Pacific Company agrees to release Boulevard, Ltd., from any deficiency upon said promissory note which may be due after the pending trustee's sale is held, (4) Pacific Company shall not be obliged to account to Boulevard, Ltd., for any rents collected for the period to the date of trustee's sale, (5) Boulevard, Ltd., shall execute a deed to said property to a nominee of Pacific Company, (6) *the delivery of said deed and the delivery of possession shall not satisfy, pay or discharge* in whole or in part *any sums due* or to become due *under said deed of trust, but shall constitute solely the consideration for the release of Boulevard, Ltd., from any liability for the payment of any deficiency remaining* upon said promissory note after all security therefor is exhausted.

At the same time Boulevard, Ltd., executed a grant deed to said property in favor of Priscilla M. Alden, one of the defendants herein.

On the next day plaintiff levied execution on his judgment lien, and in due course purchased the property at sheriff's sale and demanded rents from the defendants from that date forward. Approximately two months later Pacific Company purchased the property at trustee's sale under the deed of trust. Plaintiff thereafter brought his action against the defendants to recover the rents or the value thereof from the date of his purchase at sheriff's sale to the sale under the trust deed.

■ The trial court gave judgment for the defendants, then granted a new trial and it is from this order the appeal is taken.

The defendants "concede that this court will not upset the ruling of the trial court in granting a motion for a new trial when there is conflicting testimony, or unless the granting of the motion was an abuse of discretion". ■ Defendants contend that the order should be reversed because the defendants during said period were in possession of the property under the trust deed, and that a mortgagee (beneficiary under a trust deed) in possession is entitled to take the rents and apply them on the mortgage debt. The weakness of the defendants' contention is that defendants were not in possession *under the trust deed*. They took possession under the contract heretofore set out and under the deed to Priscilla M. Alden. The defendants themselves strenuously argue in the briefs that there was not a merger of the two estates in the Pacific Company. A merger would have been disastrous to it.

True, the contract states that the property is transferred to the Pacific Company pursuant to the terms of the trust deed, but this is obviously a gratuitous and erroneous conclusion in the light of the deed and the contract, parts of which for convenience we have italicized. The defendants, as such purchasers, could take only such rights as the Boulevard, Ltd., still owned, that is, its equity, which was subject to the plaintiff's lien. This equity the plaintiff purchased at the sheriff's sale. Plaintiff was then entitled to the rents until the trust deed, which was senior to his rights, was foreclosed by sale.

The order is affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.