W. L. CARPENTER, Respondent, v. PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Appellant.

John L. Mace, Orrick, Palmer & Dahlquist and Arch R. Tuthill for Appellant.

Frank S. Hutton, C. P. Von Herzen and E. H. Gaylord for Respondent.

WOOD, J.—Defendant appeals from a judgment in favor of plaintiff in the sum of $74,445.33 rendered for the use and occupation of certain real property down to the date of the judgment, June 1, 1936.

Plaintiff obtained a judgment against Boulevard Properties Company, Ltd., on December 16, 1931, in the sum of $10,000 and recorded an abstract of judgment on February 10, 1932. Plaintiff levied execution on September 6, 1932, upon certain real property in Los Angeles on which was located the building known as the American Storage Building in which the Boulevard company had been carrying on a warehouse business. Pursuant to the writ of execution this property was sold on October 10, 1932, for the sum of $9,000 and a certificate of sale was issued to plaintiff by the sheriff.

Before the entry of plaintiff's judgment against the Boulevard company there was on record a deed of trust, dated May 16, 1930, given by the Boulevard company to the defendant in the present action. This deed of trust was given to secure a loan to the Boulevard company in the sum of

$275,000. On May 20, 1932, the Boulevard company defaulted in its payments due under the terms of the note and trust deed and the notice of breach and election to sell were recorded by defendant on August 3, 1932.

Before plaintiff levied execution under his judgment a contract was entered into, under date of August 24, 1932, between the Boulevard company and defendant, which, after referring to the deed of trust and to the default in the performance thereof and to the fact that the deed of trust provided in the event of default that Pacific Company was entitled to the immediate possession of the premises, together with the business conducted therein, contained in substance the following provisions: (1) Boulevard, Ltd., delivers the possession of said premises to Pacific Company, (2) all accounts receivable from rentals shall be pro rated as of the date of the contract, all rentals accruing after date of contract to belong to Pacific Company, (3) Pacific Company agrees to release Boulevard, Ltd., from any deficiency upon said promissory note which may be due after the pending trustee's sale is held, (4) Pacific Company shall not be obliged to account to Boulevard, Ltd., for any rents collected for the period to the date of trustee's sale, (5) Boulevard, Ltd., shall execute a deed to said property to a nominee of Pacific Company, (6) the delivery of said deed and the delivery of possession shall not satisfy, pay or discharge in whole or in part any sums due or to become due under said deed of-trust, but shall constitute solely the consideration for the release of Boulevard, Ltd., from any liability for the payment of any deficiency remaining upon said promissory note after all security therefor is exhausted.

The Boulevard company executed a grant deed to the property in favor of Priscilla M. Alden, nominee of defendant, and defendant took possession of the property. Proceedings were conducted to foreclose under the deed of trust and on December 2, 1932, the property was purchased by defendant at the trustee's sale conducted in accordance with the terms of the deed of trust.

The present action was commenced December 20, 1932, and plaintiff asked in his prayer that judgment be rendered in a certain sum "as rental on said premises from the 27th day of August, 1932, up to and including the 3rd day of December, 1932, and for such other and further relief as to the

court may seem proper''. The action has been tried twice. Upon the first trial judgment was entered in favor of defendant but the trial court granted a new trial and defendant appealed from the order granting the new trial. In affirming the order (7 Cal. App. (2d) 309 [45 Pac. (2d) 1033]) this court filed a decision in which the following appears: ''Defendants contend that the order should be reversed because the defendants during said period were in possession of the property under the trust deed, and that a mortgagee (beneficiary under the trust deed) in possession is entitled to take the rents and apply them on the mortgage debt. The weakness of the defendants' contention is that defendants were not in possession under the trust deed. They took possession under the contract heretofore set out and under the deed to Priscilla M. Alden. The defendants themselves strenuously argue in the briefs that there was not a merger of the two estates in the Pacific Company. A merger would have been disastrous to it.

''True, the contract states that the property is transferred to the Pacific Company pursuant to the terms of the trust deed, but this is obviously a gratuitous and erroneous conclusion in the light of the deed and the contract, parts of which for convenience we have italicized. The defendants, as such purchasers, could take only such rights as the Boulevard, Ltd., still owned, that is, its equity, which was subject to the plaintiff's lien. This equity the plaintiff purchased at the sheriff's sale. Plaintiff was then entitled to the rents until the trust deed, which was senior to his rights, was foreclosed by sale.''

During the progress of the second trial plaintiff, over the objection of defendant, amended the prayer of his complaint by asking judgment for ''the reasonable value of the use and occupation of said premises from the 10th day of October, 1932, to the 10th day of October, 1933, and for such other and further relief as to the court seems meet and just''.

Defendant contends that the decision of this court on the former appeal prevents recovery by plaintiff of the value of the use and occupation of the property for the period after December 2, 1932, the date of the sale under the trust deed. This contention must be upheld. All material facts were before the court at the first trial and the first judgment was rendered upon a complaint seeking the value of the use and occupation up to the date of the foreclosure sale. Sec-

tion 53 of the Code of Civil Procedure provides: "The decision of the court shall be given in writing, and in giving its decision, if a new trial be granted, the court shall pass upon and determine all the questions of law involved in the case, presented upon such appeal, and necessary to the final determination of the case." In compliance with the provisions of this section this court in remanding the action for a new trial determined the questions of law involved which were necessary to a final determination of the case. In passing upon defendant's contentions upon that appeal it was determined that the order granting a new trial should be upheld because plaintiff was entitled to judgment for the use and occupation of the premises up to the date of the foreclosure sale. It was held that there was no merger of the two estates in defendant and that defendant's possession was under the contract of August 24, 1932, and not under the trust deed.

 A decision on appeal establishing the legal effect of an agreement with reference to a right asserted under it becomes the law of the case and cannot be questioned on a second appeal. (*Sharpstein* v. *Friedlander*, 63 Cal. 78.) A complete statement of the rights of plaintiff was made on the former appeal to guide the trial court at the new trial. In *Table Mountain Tunnel Co.* v. *Stranahan*, 21 Cal. 548, the court said: "It is true, perhaps, that an opinion upon the point was not essential to the decision of the case; but it was important for the purposes of a new trial; and it was in that view that we considered the matter and passed upon it. It was a matter necessarily involved in the issue to be tried, and the principle of *res judicata* is undoubtedly applicable to its determination." In *People's Lumber Co.* v. *Gillard*, 5 Cal. App. 435 [90 Pac. 556], the court said: "Since an early date the supreme court of this state has refused to adopt the rule which confines the law of the case to that portion of the opinion of the appellate court which can be said to be strictly essential to the disposition made of the case."

 It is not necessary for the defendant to rely upon the doctrine of the law of the case in order to enable it to obtain a modification of the judgment. Although the court in its former decision did not use the words, accord and satisfaction, it is apparent that the ruling was against plaintiff's contention that the agreement of August 24, 1932, brought about an accord and satisfaction. This ruling was correct.

■ Whether an agreement amounts to an accord and satisfaction must depend upon the intention of the parties as shown by the terms of the agreement viewed in the light of the surrounding facts. (*Creighton* v. *Gregory*, 142 Cal. 34 [75 Pac. 569].) At the time of the agreement of August 24, 1932, Boulevard company was in default in the payment of a promissory note in the sum of $275,000 secured by a deed of trust. Defendant and the trustee were making demands for possession of the property. Proceedings for a trustee's sale had been commenced and negotiations were being conducted between the Boulevard company and the defendant. The Boulevard company was threatening to delay the trustee's sale by bankruptcy proceedings. With this background the contract in question was made. By this contract it was provided: "Nothing herein contained shall impair, void or invalidate any proceedings heretofore or hereafter commenced to cause said property described in said deed of trust to be sold at trustee's sale for any default in the performance of the terms, covenants, and conditions of said deed of trust heretofore or hereafter existing; nor shall anything herein contained cure or waive, in whole or in part, any default heretofore or hereafter existing in the performance of any of the terms, covenants and conditions of said deed of trust." It was expressly provided that the agreement should "not satisfy, pay or discharge, in whole or in part, any sums due or to become due pursuant to said deed of trust . . . " The obligation of the Boulevard company was to pay the balance due under the terms of the deed of trust, which at the date of the contract was $268,437.58. This sum has not been paid. By the agreement of August 24, 1932, it was expressly provided that the sum due under the deed of trust should not be considered paid or discharged. An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled. (Civ. Code, sec. 1521.) The parties to the contract did not agree that the obligation should be extinguished. There was no accord.

■ There can be no question that defendant's lien was prior to the lien of plaintiff's judgment. Plaintiff contends that "the attempted sale under the trust deed was abortive and void; and that even if the agreement of August 24, 1932, did not constitute an accord and satisfaction, it at least in

legal effect caused a subordination of appellant's trust deed to the lien of respondent's judgment and, so far as the respondent's rights are concerned, the trust deed sale was of no effect''. If his contention should be upheld defendant's prior lien would be wiped out and the large sum of money which had been loaned on the property would be lost, while plaintiff would be allowed to recover not only a sum many times greater than the amount of his judgment but would be in position to continue the collection of the value of the use and occupation of the property. Under the circumstances shown in the record equity will not permit a merger which will extinguish the prior lien in favor of the junior lien. (*Anglo-Californian Bank* v. *Field,* 146 Cal. 644 [80 Pac. 1080] ; *Davis* v. *Randall,* 117 Cal. 12 [48 Pac. 906].)

Plaintiff is entitled to judgment for the value of the use and occupation of the premises from October 10, 1932, to December 2, 1932. The judgment is modified with directions to the superior court to enter judgment in favor of plaintiff for the sum of $3,013.33 with interest thereon from December 2, 1932. Respondent to pay the costs on appeal.

McComb, J., *pro tem.,* and Crail, P. J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1937, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing before this court is denied. The reference in the opinion to the law of the case as stated therein was not necessary for the decision and order modifying the judgment appealed from. We withhold our approval of that portion of said opinion in which the law of the case is discussed and applied to facts in the present action.