[Civ. No. 14872. Second Dist., Div. One. Aug. 31, 1945.]

CAFE APOLLO COMPANY (a Corporation), Appellant, v. AGNES MARIE ANSELM, Respondent.

Earl Malmrose and O. H. Myrick for Appellant.

Guy B. Graham for Respondent.

WHITE, J.—This cause is before us for the second time. On a prior appeal (*Cafe Apollo Co.* v. *Anselm*, 47 Cal.App. 2d 151 [117 P.2d 691]) this court reversed a judgment in favor of plaintiff. Reference is made to the case just cited for a statement of the factual background which gave rise to this litigation. The second trial resulted in judgment for the defendant, from which plaintiff now prosecutes this appeal. Both trials were had upon the same pleadings and the facts and circumstances shown in evidence in connection with the relationship of the parties and their written as well as oral agreement with each other are substantially the same, save and except that a portion of the evidence was received at the first trial by stipulation as to what testimony would be given by the defendant were she present in court, whereas at the second trial the witness was personally present and testified substantially to the same facts covered by the aforesaid stipulation at the former trial.

The sole issue involved in this case we think may be fairly stated as whether, upon the expiration of the sublease held by defendant and which terminated contemporaneously with the main lease held by plaintiff, the defendant was given the right to a renewal of her sublease for a term concurrent with that of a "new" lease being negotiated and which was finally obtained by plaintiff, provided the option for such renewal was accepted by plaintiff when the original sublease by its terms expired.

On the first trial, the court sustained plaintiff's objections to the admission of any evidence of the conversations referred to in the stipulation, and which are substantially the

same as the conversations testified to by defendant at the second trial as having taken place between herself and Joseph Tadini, secretary of plaintiff corporation, with respect to their mutual understanding of certain provisions of the sublease, and rendered judgment for plaintiff. On the first appeal, this court decided that certain provisions therein quoted from the sublease were ambiguous and that it was therefore "proper to resort to extrinsic evidence for the purpose of explaining what was actually intended by the parties at the time when the sublease was executed." Pursuant to the holding of this court on the former appeal, the trial court upon the second trial admitted such conversations into evidence and we have no hesitancy in saying that, if the defendant's testimony as to what transpired at said conversations was believed by the court, as evidently it was, then the court was justified in finding, as it did, "that it is true that the defendant did not occupy the premises on a month to month tenancy at any time . . ."; and "that it is true that defendant took possession of said premises under a written lease executed by plaintiff and defendant and remained in possession of said premises under and by virtue of the terms of said lease until defendant was unlawfully ejected by the plaintiff."

All of the issues raised upon this appeal were presented on the former appeal and consequently determination by the appellate tribunal thereon became the law of the case on the second trial and remains the law of the case upon the second appeal (*Steelduct Co. v. Henger-Seltzer Co.*, 26 Cal. 2d 634, 642, 643 [160 P.2d 804]). It is thoroughly established as the law of this state that once a question of law has been determined and is sought to be relitigated upon a second appeal to the same appellate court, the first and original determination thereof is the law of the case and no reexamination is authorized. The contract in the instant case having been once interpreted by decision on appeal, that interpretation is the law of the case and, since the evidence adduced at the respective trials was not substantially different and the issues remained the same, consideration of the questions raised was concluded by our decision on the former appeal (*Gore* v. *Bingaman*, 20 Cal.2d 118, 121 [124 P.2d 17]; *McCarty* v. *Wilson*, 57 Cal.App. 703, 704 [207 P. 924]; *Carpenter* v. *Pacific States S. & L. Co.*, 19 Cal.App.2d 263 [64 P.2d 1102]).

We have carefully examined the record in this case and the issues presented in the light of the decision on the former appeal and are convinced that not only because of the law of the case but because of the sufficiency of the evidence to support the findings, and the findings to support the judgment, the latter cannot be disturbed.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 29, 1945.