[S. F. No. 376.    Department One.—February 18, 1896.]

ESTATE OF ANNA M. HATHAWAY, DECEASED.    HAR-
RIET COLEMAN BARROW, BY CHARLES W. BAR-
ROW, GUARDIAN AD LITEM, APPELLANT, *v.* JAMES A.
WHITE, EXECUTOR, ETC., RESPONDENT.

APPEAL—NON-APPEALABLE ORDERS—ORDER SETTING ASIDE APPOINTMENT
OF GUARDIAN AD LITEM—ORDER DISMISSING PETITION TO REVOKE PRO-
BATE OF WILL.—Neither an order setting aside an order appointing a
guardian *ad litem* for an incompetent person, nor an order dismissing a
petition for the probate of a will, is appealable; and an appeal taken
from such orders must be dismissed.

ID.—GUARDIAN AD LITEM UNDER CONTROL OF COURT.—A guardian *ad litem*
is appointed by the court in which the action is pending, and his re-
moval as well as his appointment is under the control of the court in
which the case is pending.

ID.—ESTATES OF DECEASED PERSONS—PROBATE LAW — APPELLATE JURIS-
DICTION.—The supreme court has appellate jurisdiction in such probate
matters only as may be provided by law.

MOTION to dismiss an appeal from an order of the
Superior Court of the city and county of San Francisco,
vacating an order appointing a guardian *ad litem*, and
from an order dismissing the petition filed by said
guardian *ad litem*, for the revocation of the probate of
the will of Anna M. Hathaway, deceased. CHARLES W.
SLACK, Judge.

The facts are stated in the opinion of the court.

*William T. Baggett,* and *Walter H. Linforth,* for Appel-
lant.

*E. J. Pringle,* for Respondent.

THE COURT.—Motion to dismiss the appeal. The last
will and testament of Anna M. Hathaway was admitted
to probate in the superior court of the city and county
of San Francisco in January, 1895, and thereafter, viz.,
June 21, 1895, upon his application therefor, Charles
W. Barrow was appointed by one of the judges of said
court guardian *ad litem* of Harriet Coleman Barrow, an
incompetent person, claiming to be the heir at law of

the deceased; and on the same day a petition was filed in said court in her name by her said guardian for the revocation of the probate of said will. Upon notice therefor to said guardian *ad litem,* a motion was made to said court to vacate and set aside the order appointing him as said guardian *ad litem,* and to strike out and dismiss the petition filed by him for a revocation of the probate of said will. This motion was heard upon affidavits filed on behalf of the respective parties, and on the 7th of September the court made an order granting the motion. From this order the guardian *ad litem* appealed to this court, and a motion is now made on behalf of the executor to dismiss the appeal upon the ground that the order is not appealable.

The provision in section 963, subdivision 3, of the Code of Civil Procedure, authorizing an appeal " from a judgment or order, . . . . revoking letters of guardianship," refers to the guardianship of the person ·or estate of a minor, or of an insane or incompetent person, for which provision is made in chapter 14 of title XI, part III, of the Code of Civil Procedure, and does not include an order appointing a guardian *ad litem* to represent the infant or incompetent person, authorized by section 372. No letters of guardianship are issued to a guardian *ad litem,* but his authority is evidenced by the entry in the minutes of the court appointing him. He is appointed by the court in which the action is pending in each case; and his removal, as well as his appointment, is under the control of the court in which the case is pending. If an appeal could be taken from the order removing him, it could with equal reason be taken from the order appointing him, and the very purpose of the appointment would be frustrated.

Neither is that portion of the order striking out and dismissing the petition for the revocation of the probate the subject of an appeal. This court has appellate jurisdiction in such probate matters only as may be provided by law, and while section 963, subdivision 3, of the Code of Civil Procedure, authorizes an appeal from

an order revoking the probate of a will, it does not authorize an appeal from an order denying the revocation of the probate of a will, or from an order dismissing a petition therefor. (*Estate of Sbarboro,* 70 Cal. 147. See; also, *Estate of Montgomery,* 55 Cal. 210; *Carpenter* v. *Superior Court,* 75 Cal. 596; *Estate of Ohm,* 82 Cal. 160.)

The motion to dismiss the appeal is granted.