[S. F. No. 2838.   In Bank.—March 20, 1903.]

SUSAN M. FAY, Respondent, v. HENRIETTA STEUBEN-RAUCH et al., Defendants, A. M. QUINN, Appellant.

DECREE OF FORECLOSURE—APPEAL—TRANSFER OF INTEREST—DEATH OF NOMINAL APPELLANT—SUBSTITUTION.—Where, pending an ·appeal from a decree of foreclosure, the mortgaged land was conveyed by the owner, and the appellant subsequently died, the transferee may be substituted in this court for the deceased appellant, whose estate has no interest in the outcome of the litigation. In general, where practicable, the substitution should first be made in the lower court, and when the substitution is first obtained in this court, it should also be made in the superior court.

APPLICATION for the substitution of parties pending an appeal from a judgment of the Superior Court of Napa County. E. D. Ham, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellants.

Theo. A. Bell, and A. O. Colton, for Respondent.

HENSHAW, J.—This is an application for the substitution of S. P. Lunt, as appellant, in place and stead of A. M. Quinn. In support of the application, it is made to appear that the action was to foreclose a mortgage executed by defendant Steubenrauch upon lands which were subsequently conveyed to the defendant Quinn. After decree of foreclosure and appeal to this court therefrom, defendant Quinn conveyed the land to S. P. Lunt, and subsequent to this conveyance died. There has been no administration upon the estate of Quinn, and the estate is no longer interested in the outcome of the litigation.

Section 385 of the Code of Civil Procedure, providing that the court may allow the person to whom the transfer is made to be substituted in the action or proceeding, is a permissive statute, and appeals to the discretion of the court. (*Emerson v. McWhirter*, 128 Cal. 268.) Under the facts shown, this discretion will be properly exercised by an order of substitution as prayed for. It is proper to add, however, that in every case of appeal to this court the cause is removed from the superior court only for the purpose and only to the extent of giving full and complete jurisdiction to this court of such matters as are properly cognizable upon appeal. To the end that the record in the trial court may be kept straight, and vexatious questions as to liens upon property, liability for costs, and the like, may be avoided, in the generality of cases the proper procedure would be to obtain the order of substitution in the first instance from the trial court, and make application to this court for like substitution upon presentation of such order; and in every case where the substitution is obtained first in this court, the regular and orderly

CXXXVIII. Cal.—42

procedure dictates that a like substitution should be made in the superior court. (*Reay* v. *Heazelton,* 128 Cal. 335.)

It is ordered that S. P. Lunt be substituted as appellant in the above-entitled cause in place of A. M. Quinn.

McFarland, J., Shaw, J., Van Dyke, J., Angellotti, J., and Lorigan, J., concurred.