[Civ. No. 4181.  First Appellate District, Division Two.—August 9, 1922.]

ANDREW POE GAVER, Respondent, v. WILLIAM H. EARLY et al., Defendants; LULU I. STEITZ, as Executrix, etc., Appellant.

[1] GUARDIAN AND WARD — EMPLOYMENT OF ATTORNEY OR AGENT. — A person who accepts the appointment of guardian of a minor possessed of a large estate, comprising eleven or twelve tracts of real estate and a large number of mortgages, stocks, and savings bank accounts, has a right to employ an attorney or agent to collect the interest, dividends, and rents.

[2] ID.—VIOLATION OF DUTY BY TRUSTEE—LIABILITY.—A violation by a trustee of a duty which equity lays upon him, whether willful and fraudulent or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust, and he may be charged with rents, profits, interest, income, proceeds of sales, and the like, which he never in fact received, but which he might and should have received by the exercise of due and reasonable care, diligence, and prudence in his modes of dealing.

[3] ID.—EMPLOYMENT OF ATTORNEY—EXERCISE OF REASONABLE CARE.— When a trustee employs third persons as agents and attorneys, he must select them with reasonable care, and he must supervise their acts with the same care.

[4] ID. — FAILURE TO SUPERVISE ACTS OF ATTORNEY — LIABILITY FOR BREACH OF TRUST.—Where the guardian of a minor possessed of a large estate employs an attorney and then wholly fails to supervise his acts in any respect whatsoever she is liable for a breach of trust, and in an action as for an accounting, the amount of her liability can be properly adjudicated.

APPEAL from a judgment of the Superior Court of Sonoma County. A. B. McKenzie, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Geary & Geary and F. A. Meyer for Appellant.

A. H. Crook, W. F. Cowan and R. C. Young for Respondent.

4. Liability of guardian for misappropriation of ward's funds by attorney, note, 5 L. R. A. (N. S.) 575.

STURTEVANT, J.—This is an appeal from the judgment by the defendant Ellen Gaston. It presents no point that we have not discussed in the appeal of her codefendant, *Gaver* v. *Early, ante,* p. 725 [209 Pac. 390].

[1] In addition to what was said by us in that case, we think it is proper to add that when Mrs. Gaston accepted the appointment of guardian of a minor possessed of a large estate comprising eleven or twelve tracts of real estate, and a large number of mortgages, stocks, and savings bank accounts, she had a right to employ an attorney or agent to collect interest, dividends, and rents. (1 Perry on Trusts, 6th ed., sec. 404.) [2] But it is settled law that a violation by a trustee of a duty which equity lays upon him, whether willful and fraudulent or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust (3 Pomeroy's Equity Jurisprudence, sec. 1079), and he may be charged with rents, profits, interest, income, proceeds of sales, and the like, which he never in fact received, but which he might and should have received by the exercise of due and reasonable care, diligence, and prudence in his modes of dealing. (Pomeroy's Equity Jurisprudence, sec. 1070.) [3] When the trustee employs third persons as agents and attorneys, he must select them with reasonable care and he must supervise their acts with the same care. (*McClure* v. *Middletown Trust Co.,* 95 Conn. 148 [110 Atl. 838, 840]; *Donaldson* v. *Allen,* 182 Mo. 626, 650 [81 S. W. 1151]; *Duckett* v. *National Mechanics' Bank,* 86 Md. 400 [63 Am. St. Rep. 513, 516, 39 L. R. A. 84, 38 Atl. 983].) [4] Conceding without deciding that under the facts in the instant case Mrs. Gaston was justified in employing Mr. Early in the capacity in which he was employed, she wholly failed to supervise his acts in any respect whatsoever and the court so found. Under these circumstances she was liable for a breach of trust, and, in an action as for an accounting, the amount of her liability could be properly adjudicated. (1 C. J., sec. 68.)

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 5, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.