[Civ. No. 7486.   Third Dist.   Mar. 5, 1949.]

MAZIE ERICKSON, as Executrix, etc., Appellant, v. CLYDE D. BOOTHE, Respondent.

Lafayette J. Smallpage and T. B. Scott for Appellant.

Edward T. Taylor for Respondent.

PEEK, J.—This is the third of a series of appeals arising out of the prior litigation between the same parties (see *Erickson* v. *Boothe,* 79 Cal.App.2d 266 [179 P.2d 611] ; *Erickson* v. *Boothe,* *(Cal.App.) [203 P.2d 119],) to which reference is made for the background of this appeal.

On October 28, 1948, defendant Boothe filed a notice in the trial court for an order to compel Mazie Erickson, individually, as sole distributee of the estate of Timothy H. Carlon, deceased, to continue this action, and be bound as an individual by the judgment of the trial court entered on October 1, 1947, which judgment provided that Boothe was entitled to the possession of the premises and to an accounting. It is this judgment which forms the basis of the second appeal by Mazie Erickson, as executrix of the last will of Timothy H. Carlon, to which reference was heretofore made. The motion for substitution was based on the ground that Mazie Erickson, as such executrix, did on or about June 25, 1948, procure the estate to be distributed to her as sole distributee and therefore she should be substituted as plaintiff in her individual capacity. As an individual she has opposed this motion on the ground that Boothe had not requested notice of any of the proceedings in the probate of the estate. Also in her opposition thereto she has again set forth all of the prior allegations as to the dismissal of the action for declaratory relief after the judgment had been reversed by this court, the motion for possession and an accounting, the objections thereto, and the entry of the judgment which is the subject of the appeal in *Erickson* v. *Boothe,* *(Cal.App.) [203 P.2d 119].

At the time of the oral argument this court, by a minute order dated November 3, 1948, approved the foregoing order of substitution. Thereafter on November 13, 1948, she filed her motion for an order of this court revoking the order approving the substitution on the ground that the trial court was without jurisdiction to make the substitution and that

---

*A rehearing was granted in *Erickson* v. *Boothe* on April 4, 1949. The final opinion is reported in 93 Cal.App.2d —— [203 P.2d 119].

an appeal had been taken therefrom and that the same was then pending before this court. Boothe opposed this motion on the ground that the order of substitution was proper under the circumstances existing.

The sole question presented on this phase of the case is whether the trial court had power to order such substitution. Section 385 of the Code of Civil Procedure provides in part that:

". . . In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

Rule 48 of Rules on Appeal amplifies the same provision with relation to reviewing courts, stating that:

"Whenever a substitution of parties to a pending appeal is necessary, it shall be made by proper proceedings instituted for that purpose in the superior court. On suggestion thereof and the presentation of a certified copy of the order of substitution made by the superior court, a like order of substitution shall be made in the reviewing court. . . ."

Of the several arguments raised by appellant only two are in point so far as the present proceeding is concerned, (1) that sections 385 and 389 of the Code of Civil Procedure refer only to substitutions before the entry of judgment, and (2) that in any event the substitution of a party plaintiff is of no concern to a defendant.

We find no merit in appellant's first contention. It is well established that under proper circumstances after a trial has been concluded, judgment entered and motion for a new trial denied, a motion for substitution may be granted (*Curtin* v. *Salomon*, 80 Cal.App. 470 [251 P. 237]), and this same rule applies even after an appeal has been taken. (*Fay* v. *Steubenrauch*, 138 Cal. 656 [72 P. 156].)

In the similar case of *Higgins* v. *Kay*, 168 Cal. 468 [143 P. 710], the court stated: "Undoubtedly the court may make a substitution such as was sought here upon a proper showing," and although the order substituting a new party plaintiff therein was reversed it was solely because of the failure of the moving party, the defendant, to give due notice to the plaintiff.

The showing made by defendant herein more than conforms to the rule laid down in the Higgins case, *supra,* in substantiating the order of substitution of the trial court for the following reasons: It is not denied that respondent Boothe

was dispossessed of the property by Erickson after the original judgment which was reversed by this court. (79 Cal.App.2d 266.) Consequently Boothe may well be entitled to compensation for the long period of time Erickson has been in possession of and used the property for her own benefit. However, even though Boothe might obtain a money judgment against Erickson as executrix, such a judgment could only be that said executrix pay in due course of administration of the estate, the money, if any, found to be due Boothe. Furthermore no execution could issue upon the judgment and it would not operate to create a lien upon the property of the estate. (Prob. Code, § 730.) Therefore, when by the decree of final distribution the whole of the estate was transferred to Erickson as an individual, there was nothing left out of which such judgment could be paid as provided in said section 730. In other words any jurisdiction of the probate court which might theretofore have attached ceased by virtue of said decree of distribution, and so far as Boothe was concerned he was helpless and without recourse of any sort. Hence under the circumstances disclosed by the record before us the granting by the trial court of the motion for substitution by Boothe was not such an abuse of discretion, or at all, as would warrant intervention by this court.

This then brings us to a consideration of the final question herein involved, to wit: the motion by Boothe to dismiss the within appeal from the order of substitution on the ground that the same was nonappealable, which motion was opposed by Erickson. Although neither party has seen fit to cite authority for their contentions in this regard it would appear that such order is a "special order made after final judgment" such as is contemplated in section 963 of the Code of Civil Procedure wherein is enumerated those matters concerning which an appeal may be taken.

The order of substitution appealed from is affirmed and the motion to dismiss is denied.

Adams, P. J., and Thompson, J., concurred.