[Civ. No. 22883. Fourth Dist., Div. One. Nov. 4, 1980.]

PENNY ANN HOLLAWAY, a Minor, etc.,
Plaintiff and Appellant, v.
SCRIPPS MEMORIAL HOSPITAL et al., Defendants and
Respondents.

720

Counsel

Sheldon Deutsch for Plaintiff and Appellant.

Robert E. Cartwright, Ian Herzog, Edward I. Pollock, Glen T. Bashore, Stephen I. Zetterberg, Ralph Drayton, Richard Bridgman, Harvey Levine and Joseph Posner as Amici Curiae on behalf of Plaintiff and Appellant.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Charles A. Viviano, Deputy County Counsel, McInnis, Fitzgerald, Rees, Sharkey & McIntyre and William G. Bailey for Defendants and Respondents.

Opinion

WIENER, J.—This case touches upon three separate, sensitive relationships—the relationship of parents to their child, an attorney with his client, and the appellate court to the trial court. We decide that after the filing of plaintiff's notice of appeal, the trial court did not have the power (1) to relieve plaintiff's parents as her guardians ad litem, (2) to relieve her counsel, Sheldon Deutsch, and (3) to appoint another lawyer as her counsel and guardian ad litem. We also conclude there is an insufficient factual basis to warrant our investigation into any purported conflict of interest between the minor and her parents or between the minor and Mr. Deutsch. We annul the orders of the trial court as being in excess of its jurisdiction.

Penny Ann Hollaway, an eight-year-old, brain damaged child, suing through her parents, Harry E. Hollaway III, and Terry A. Hollaway, received a $1.5 million jury award against Scripps Memorial Hospital. Sheldon Deutsch was her lawyer. After verdict, Scripps moved to modify the judgment to be payable in installments under Code of Civil Procedure section 667.7. The trial court granted that request and also granted Scripps a new trial unless the plaintiff accepted the installment form of payment. Deutsch then filed Penny's notice of appeal from that order. A few days later, he also noticed her appeal from the adverse verdict in favor of a defendant other than Scripps.

After Deutsch filed the notices of appeal, for reasons which we will discuss, the trial court ordered (1) Penny's parents be temporarily re-

lieved as her guardians ad litem; (2) Deutsch be temporarily relieved as her counsel; (3) another attorney, Gerald L. Barry, Jr., be appointed as her temporary guardian ad litem and attorney; (4) certain cost items be disallowed; and (5) Barry "apprise himself of the present status of this matter ..." and "advise...the court...whether there is a real or imaginary conflict of interest between Penny Ann Hollaway and Sheldon Deutsch acting as her attorney," and similarly, whether there is a conflict between the minor and her parents in their capacity as guardians ad litem. A later order mandates "all further proceedings involving the question of conflict of interest be transferred to the probate department of the superior court...."

Deutsch asks us to annul those orders because after he filed notices of appeal the trial court had no jurisdiction.

■ The orders are not appealable; they are not final; they are like nonappealable orders relieving guardians ad litem. (*In re Hathaway* (1896) 111 Cal. 270 [43 P. 754].) We elect to examine them on writ of review. (*People* v. *Cimarusti* (1978) 81 Cal.App.3d 314, 319 [146 Cal. Rptr. 421].)

After the jury verdict and before any rulings on Scripps' motion for installment payments (Code Civ. Proc., § 667.7) and/or new trial, the trial court told counsel of its concern for the minor. In the court's view it was unfair for the minor to face the risk of reversal on appeal when Scripps was agreeable to settle on an annuity basis instead of paying the lump sum judgment. The court explained it wanted the minor to receive a monthly sum sufficient for her lifetime needs rather than risking everything in an appellate court. As part of the settlement Deutsch would receive a reasonable fee for his services. Deutsch, however, was of a different mind. His opinion was the economic value to his client of a lump sum discounted by the risk of reversal exceeded the annuity settlement. He rejected the court's proposal. The court then made *its* conditional new trial order from which Penny appealed.

After the filing of the appeal, the court convened a hearing to which it invited a lawyer, Mr. Barry, referred to by the court as a distinguished family law specialist who was asked to attend because the court had "serious reservations" about Deutsch's ability to continue to represent Penny. The court questioned whether Penny's best interests were being objectively examined when Deutsch refused to accept the settle-

ment. Accordingly, the court decided temporarily to relieve Deutsch as counsel, and the parents as guardians ad litem, and to appoint Barry as both attorney and guardian ad litem in order to preserve the status quo while inquiring further into the supposed conflict between Deutsch and the parents on the one hand and Penny on the other.

The court also transferred the matter to the probate court for further hearing, and disallowed certain cost items.

Code of Civil Procedure section 916, subdivision (a), provides: "Except as provided in Sections 917.1 through 917.9 and in Section 117ha, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." The cases interpreting this provision hold the trial court is divested of all jurisdiction over an appealed judgment and any matters embraced by or affected by that judgment, except only collateral or independent matters not involved in the appeal. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 4, p. 4021.) Collateral matters relate generally to enforcement of the judgment or similar postjudgment situations. (*Id.*, at § 5, p. 4023.)

■ The court had the power to make its order disallowing certain items of costs. This order clearly affects the final verdict which was not appealed rather than the later order specifying installments, which was. (See generally, 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 82, p. 3243; *Purdy* v. *Johnson* (1929) 100 Cal.App. 416, 421 [280 P. 181].) However, the other orders all related to the appeal, which is now within the jurisdiction of the Court of Appeal rather than the trial court. ■ All trial court litigation has terminated except the manner of payment. It is now this court's province to insure competent representation of the minor while the matter is pending here. The trial court had no jurisdiction to make the challenged orders, which must therefore be vacated. Any other result would create jurisdictional conflict, since both the Court of Appeal and the trial court would share responsibility for the representation of the minor plaintiff throughout the appeal. Even the temporary suspension of Deutsch and of the guardians interferes with the appellate process since many decisions, including preparation of the record and drafting of the brief, must be made promptly to avoid unnecessary delay at the appellate level. ■ ■ ■ ■ The removal of

Deutsch as counsel obviously makes it impossible for him to pursue the appeal and infringes on this court's supervisory sphere.[1]

The apparent underlying reason for the trial court's orders was its belief Deutsch acted improperly in refusing a settlement which the trial court thought reasonable. We question whether at this stage of the proceedings the likelihood of reversal can be pegged with such certainty that the economic value of a $1.5 million verdict must necessarily be exchanged for an annuity payable over the child's lifetime. Under all the circumstances we cannot say that Deutsch has made the wrong decision in pursuing the appeal. Our justice system requires an independent bar whose members are willing to assert their sound professional judgment in good faith in order to protect the rights of their clients.

We are also unpersuaded that the possibility that plaintiff's parents who may receive the remaining balance of any lump sum award will be guided by that profit motive in acting for their child. We cannot assume the parents' financial self interest prompted their decision as guardians ad litem to reject the settlement or will govern their decisions in the fu-

---

[1] We note California Rules of Court, rule 48(a), provides a jurisdictional basis for the trial court's postappeal removal of the guardians ad litem. The rule provides "[w]henever a substitution of parties to a pending appeal is necessary, it shall be made by proper proceedings instituted for that purpose in the superior court. On suggestion thereof and the presentation of a certified copy of the order of substitution made by the superior court, a like order of substitution shall be made in the reviewing court." Substitution of attorneys, however, takes place by order of the reviewing court. (Rule 48(b), Cal. Rules of Court.)

Although the language of rule 48(a) could include substitutions based on a conflict of interest, neither the cases using the rule nor the discussions of it indicate it has been used after a contested removal of a guardian. The rule is based on case law which deals with routine substitutions of parties pending appeal, made necessary by an objective event such as death of a party or transfer of his interest. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 114, pp. 4114-4115; 17 So.Cal.L.Rev. 293; *Fay v. Steubenrauch* (1903) 138 Cal. 656 [72 P. 156]; *Erickson v. Boothe* (1949) 90 Cal.App.2d 457 [203 P.2d 122].) Here, however, the removal of the guardians is based on the trial court's perception of a conflict of interest which the court believed was shown by the very taking of the appeal. Thus unlike a case of routine substitution of parties, here the removal is for reasons intimately involved in the appeal itself, and significantly affects the taking of the appeal. We think rule 48(a) was never intended to authorize such an order to be made in the trial court, in conflict with the jurisdiction of the Court of Appeal.

The *Erickson* case, *supra*, also held trial court orders substituting parties are appealable. Since orders removing guardians are not appealable (*In re Hathaway* (1896) 111 Cal. 270 [43 P. 754]), clearly the court in *Erickson* did not equate the two procedures.

We conclude rule 48(a) does not apply to contested removal orders as we have here which create a jurisdictional conflict.

ture. We decline to order an investigation into the alleged conflict of interest between the parents and their child.

## Disposition

The trial court orders made July 25 and July 28, 1980, are annulled, except for the provisions affecting costs. The trial court shall take no action embraced within the jurisdiction of this court on the pending appeal in this matter, and specifically shall not remove Sheldon Deutsch as counsel for the plaintiff or the parents of Penny as guardians ad litem. Nothing here shall prevent the probate court from acting properly within its jurisdiction to supervise receipt and administration of the funds on behalf of the minor. The probate court is likewise empowered to investigate any mismanagement of the minor's affairs which it may perceive in the course of its administration of her estate under the court's control.

Brown (Gerald), P. J., and Cologne, J., concurred.