Filed 3/7/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of WALLACE LOY TIM and AMY JU WONG. | |
| ELIZABETH WONG, as Trustee, etc., Appellant, v. AMY JU WONG, Respondent. | G057202 (Super. Ct. No. 95D011667) O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Julie A. Palafox, Judge. Motion to dismiss appeal granted in part, denied in part.

Sitzer Law Group and Michael Ferdinand Sitzer; Blanchard Krasner & French and Mark A. Krasner; and Michael Leight for Appellant.

Seastrom Seastrom & Tuttle and Thomas W. Tuttle; Law offices of Marjorie G. Fuller and Marjorie Gross Fuller for Respondent.

\* \* \*

THE COURT:*

This court has already issued two opinions as a result of appeals in this dispute, which has not yet reached a final determination on the merits at the trial court. (See *In re Marriage of Wong* (May 25, 2018, G056148) [nonpub. opn.] (*Wong I*); *In re Marriage of Wong* (Sep. 19, 2018, G056616) [nonpub. opn.] (*Wong II*).) We issue three more opinions today, including this one (*Wong III*). (See *In re Marriage of Wong* (March 7, 2019, G056616) [nonpub. opn.] (*Wong IV*); *Wong v. Superior Court* (March 7, 2019, G057297) [nonpub. opn.] (*Wong V*).)

In conjunction with *Wong V*, we once again conclude in this opinion that: (1) appellant Elizabeth Wong has appealed nonappealable orders; and (2) the trial court erred by staying its proceedings pursuant to Code of Civil Procedure section 916, subdivision (a).[1]

In *Wong II*, we stated: "This court is not required to review every ruling made by trial courts on their way to deciding a request for relief, even if the request is made after a judgment is entered. And parties (particularly elderly parties entitled to trial preference) should not be blocked from a prompt adjudication of their claims by way of premature appeals and unfounded assertions of appellate stays under section 916, subdivision (a)."

Apparently, our intended message was not clear enough in *Wong II*. To put things more bluntly: (1) the trial court must proceed immediately with a trial on the merits; and (2) the trial court should exercise close scrutiny of any additional appellate stays of trial posited by appellant based on appeals from orders entered prior to a final disposition of the merits in this dispute.

---

* Before O'Leary, P. J., Bedsworth, J., and Goethals, J.

[1] All statutory references are to the Code of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

The parties to this appeal are the first (respondent Amy Ju Wong) and second (appellant Elizabeth Wong) wives of Wallace Loy Tim Wong, who died in 2010. A marital settlement agreement between Wallace and respondent was entered as a judgment in 1996. Respondent contends that the 1996 judgment requires appellant to remit to respondent a portion of the proceeds from the sale of trust assets that occurred after the death of Wallace.

Respondent, using the original family law case number, filed a request for order seeking relief against appellant in 2016. Due to various procedural quagmires, the court has not provided a final ruling on the question of whether respondent is entitled to any of the proceeds. The jurisdictional issues to be decided in this opinion do not require a detailed recitation of the procedural history of this case or an examination of the state of the evidence concerning the merits issue.

On January 4 and January 9, 2019, appellant filed notices of appeal from orders entered on December 10, 2018. Trial was set for January 22, 2019. But, at appellant's request, the trial court entered an order on January 23, 2019, ruling that trial court proceedings were stayed as a result of these appeals and the effect of section 916, subdivision (a).

This court promptly invited briefing from the parties regarding the appealability of the December 10 orders, and such briefing has been provided and considered.

## ANALYSIS

Appellant purports to appeal from six separate orders entered on December 10, 2018: (1) a preliminary injunction freezing approximately $17.5 million; (2) an order

3

refusing to grant appellant's ex parte application for an order enjoining enforcement of the 1996 judgment; (3) and (4) two orders approving discovery referee reports and recommendations regarding discovery and related issues; (5) an order "re joinder" of appellant to the action; and (6) a minute order reflecting the other orders (which adds nothing to the appeal).

"The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal." (*Jennings v. Marrelle* (1994) 8 Cal.4th 121, 126.) Appellant asserts the orders are appealable as postjudgment orders (§ 904.1, subd. (a)(2)) and as orders granting and refusing to grant injunctive relief (§ 904.1, subd. (a)(6)). The trial court agreed with appellant that its proceedings were stayed pending resolution of this appeal. (§ 916, subd. (a) ["Except as provided in [various statutory exceptions], the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order"].)

*Injunctive Orders are Appealable*

The first two orders are appealable, at least to the extent they challenge the granting or denying of injunctive relief. An appeal may be taken "[f]rom an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction." (§ 904.1, subd. (a)(6); see *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1081-1082.)

It should be noted, however, that the appeal of an injunctive order does not result in a stay of trial court proceedings on the merits of the dispute. (See, e.g., § 916, subd. (a); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 191; *URS Corp. v. Atkinson/Walsh Joint Venture* (2017) 15 Cal.App.5th 872, 882, 887-888.) The very purpose of the injunction freezing $17.5 million is to maintain the status quo while the merits of the dispute are sorted out by the trial court. Moreover, to the extent appellant was seeking a preliminary injunction of sorts with regard to the enforcement of the 1996

4

judgment, "an appeal from the denial of a preliminary injunction does not stay further trial court proceedings on the merits." (*Varian*, *supra*, 35 Cal.4th at p. 191.)

We question whether it makes sense to continue an appeal of these orders, given that the appeals may be mooted if the trial court proceeds promptly as instructed with a trial on the merits. But appellant may do so for now.

*The Problem of Postjudgment Order Appealability*

The remainder of the orders appealed in this case are asserted to be appealable postjudgment orders. Postjudgment orders are appealable. (§ 904.1, subd. (a)(2) [an appeal may be taken "[f]rom an order made after a judgment made appealable by paragraph (1)"].) The parties agree that the 1996 judgment was (in theory) appealable under section 904.1, subdivision (a)(1). (But see *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400-401 [parties to a stipulated judgment cannot actually appeal from that judgment].)

The inconvenient fact for respondent is that *every* order in this case is nominally a postjudgment order. The problem arising from postjudgment order appealability is that parties interested in slowing proceedings down to a crawl can file a notice of appeal under section 904.1, subdivision (a)(2), from every order entered by the trial court and assert that a stay of trial court proceedings is required until the appeal can be decided. The problem is compounded by trial courts' reluctance to risk violating section 916, subdivision (a).

Thankfully, courts have clarified that section 904.1, subdivision (a)(2) does not really authorize an appeal from *every* postjudgment order. Instead, orders entered after an appealable judgment must pass three additional tests: (1) the issue is different from the issues decided in the judgment; (2) the order affects the judgment or relates to its enforcement; and (3) the order is not "preliminary to a later judgment." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652; see also *In re Marriage of*

5

*Levine* (1994) 28 Cal.App.4th 585, 589 ["an essential element of an appealable postjudgment order is that the order be one which is not preliminary to later proceedings"].)

As in *Wong II*, the third test is of particular relevance and will be discussed below. None of these orders are the equivalent of a final appealable judgment, i.e., a judgment (or order) that actually resolves the question of whether and in what form relief will be provided to respondent pursuant to her request for order that provides the reason for the existence of these postjudgment proceedings. (§ 904.1, subd. (a)(1).) There remain additional issues for the trial court to decide. Indeed, there are no procedural obstacles to bar the trial court from modifying the findings of fact and rulings it has made in this dispute so far. Even assuming the factual findings and rulings made thus far stand, they can be appealed as part of an appeal from the trial court's final ruling on respondent's request for order.

*The Postjudgment Discovery Orders Here are not Appealable*

As already noted, every postjudgment order is arguably appealable under section 904.1, subdivision (a)(2). Thus, even though discovery orders are a classic example of a nonappealable order (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432-1433), the appealability of postjudgment discovery orders is a difficult question.

Courts have recently wrestled with this issue in the context of third party discovery orders sought in judgment enforcement proceedings. They are split in their results, based on the differing circumstances presented. (See *Finance Holding Co., LLC v. The American Institute of Certified Tax Coaches, Inc.* (2018) 29 Cal.App.5th 663 [immediately appealable]; *Yolanda's Inc. v. Kahl & Goveai Commercial Real Estate* (2017) 11 Cal.App.5th 509 [not immediately appealable]; *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210 [not immediately

appealable]; *Macaluso v. Superior Court* (2013) 219 Cal.App.4th 1042 [immediately appealable].)

For a situation like the instant one, "the better approach . . . is to treat such orders as not appealable. Allowing an appeal of each discovery order will invite unnecessary delay . . . ." (*Yolanda's*, *supra*, at p. 513.) This is discovery between adverse parties to an ongoing substantive dispute. Respondent is working toward a final determination of her request for order. (*Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 215-218 [dismissing an appeal of a postjudgment discovery order because it was preliminary and preparatory to a later substantive ruling].) The parties' discovery disputes along the way will be appealable as part of that final order. (Cf. *SCC Acquisitions, Inc. v. Superior Court* (2015) 243 Cal.App.4th 741, 749-750 [treating appeal as writ petition to avoid difficult question of appealability where it did not appear there would be a "later determination from which an appeal" could be taken from the discovery order].) There is no need to allow an *immediate* appeal of these orders (or for that matter, to treat this appeal as a writ petition) to ensure appellant's ultimate right to appeal these orders.

*The Joinder/Substitution Order is Not Immediately Appealable*

The court separately issued an order stating: "1. Elizabeth E. Wong, as an individual, shall be joined in the above captioned Dissolution of Marriage action as a third-party claimant. [¶] Elizabeth E. Wong, as Successor in Interest to Petitioner Wallace Loy Tim Wong and as Successor Trustee of the Wallace L.T. Wong Separate Property Revocable Trust, shall be substituted in as Petitioner, Wallace L. T. Wong, now deceased."

This order was deemed to be necessary due to the court vacating all prior orders of the judicial officer who was originally assigned to the case, which included a September 2017 order with identical language.

Merely adding or substituting new parties to a proceeding is not an appealable order. (*Camp v. Oakland Mortgage etc. Co.* (1928) 205 Cal. 380, 381-383 [substitution of various claimants in as defendants under § 386 is not immediately appealable as it did not resolve the dispute at issue].) None of the categories of appealable judgments and orders listed in section 904.1 are applicable to a "joinder" order or a "substitution" order. This is not an order finally determining the rights of a party (or proposed party) to an action. (See *Noya v. A.W. Coulter Trucking* (2006) 143 Cal.App.4th 838, 841 [denial of motion to intervene is appealable].)

As discussed above, even if this is nominally a postjudgment order (§ 904.1, subd. (a)(2)), that alone does not make it appealable. This order is merely preliminary to an adjudication on the merits of the dispute at hand. (See *In re Marriage of Lloyd* (1997) 55 Cal.App.4th 216, 219-220 [postjudgment order appointing guardian ad litem was not immediately appealable].) Appellant will be able to contest whether it was proper to add her to this family court action in any appeal of the final determination of the substantive dispute between the parties.[2]

Despite the foregoing, appellant insists that this order is appealable and that it stays all proceedings in the trial court pending the resolution of this appeal per section 916, subdivision (a). Appellant lists four separate categories of cases as supporting appealability.

First, she cites two cases in which postjudgment orders substituting representatives for a deceased party were immediately appealable. Neither case engages

---

[2] We note that this order was arguably more in the nature of "housekeeping." Appellant signed a stipulation in February 2017, agreeing to be joined to the action as a third party claimant and to substitute in as trustee of the trust. (See *Reed v. Murphy* (1925) 196 Cal. 395, 399 [party may not appeal order entered pursuant to stipulation].) Moreover, appellant has participated in this action throughout these proceedings. The fact that the court reentered this order on December 10, 2018 to formalize the fact that appellant is indeed a party in her two capacities hardly seems like something that calls for an interlocutory appeal delaying adjudication of the merits.

8

in analysis of the issue of appealability. (*Pelser v. Pelser* (1960) 177 Cal.App.2d 228, 230 [accepting parties' concession that order of substitution following final judgment is immediately appealable]; *Erickson v. Boothe* (1949) 90 Cal.App.2d 457, 460 [one-sentence conclusion that postjudgment order substituting party for deceased party "would appear" to be appealable].) To the extent *Pelser* and *Erickson* apply to the instant circumstances and exert ongoing force in the law, our conclusion is different. The joinder and substitution order at issue here is preliminary in these proceedings to a final appealable order. *Pelser* and *Erickson* did not have the benefit of more recent case law refining the courts' approach to the appealability of postjudgment orders, including *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652, and its progeny.

Second, appellant cites cases in which orders were deemed to be appealable because they amounted to the final determination of the rights of a party. (*Dominguez v. Alhambra* (1981) 118 Cal.App.3d 237, 241 [order denying leave to amend complaint because it operated as a final determination of rights of a party in their role as administrator of estate]; *Poon v. Poon* (1966) 244 Cal.App.2d 746, 748, fn. 1 [denial of administrator's motion to substitute himself in as party to action]; *Majors v. County of Merced* (1962) 207 Cal.App.2d 427, 432 ["the refusal to permit a substitution of the administratrix finally eliminated her as a party and that . . . order therefore is to be treated as a final judgment from which an appeal can be taken"]; *Culley v. Cochran* (1932) 124 Cal.App. 730, 731-732 [plaintiff is entitled to appeal order removing named defendant from action in favor of indemnifier alone; order finally determined rights of the defendant named by plaintiff to plaintiff's asserted detriment].) Here, the challenged order had the effect of adding appellant to the ongoing proceedings, not eliminating her from the case. (See *Ingram v. Superior Court* (1979) 98 Cal.App.3d 483, 489 [challenged substitution order was not appealable and was properly challenged by writ petition].) To the extent appellant is trying to challenge the "removal" of her deceased husband as a party, she has no standing to do so. (§ 902 ["Any party aggrieved may appeal in the cases prescribed in

9

this title"].)  Appellant is harmed by being added to this case, not by the removal of her deceased husband.

Third, appellant claims an appeal is available now because the order gives effect to a void order (the previous one entered in September 2017 by a judicial officer who subsequently recused himself).  None of the cases cited by appellant are on point.  They concern discrete, completed efforts to vacate allegedly void orders, not (as here) interlocutory orders made during an ongoing process to determine the validity and enforceability of a judgment as applied to assets in dispute.  (*See, e.g., Betz* v. *Pankow* (1993) 16 Cal.App.4th 931; *In re Marriage of Goodarzirad* (1986) 185 Cal.App.3d 1020; *Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887.)  To repeat a familiar refrain, appellant will be able to challenge all of the non-moot interlocutory orders issued in this case once there is a final resolution of the substantive dispute between the parties.

Fourth, appellant claims this order is equivalent to one amending a judgment to substitute a new judgment debtor.  (See, e.g., *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1071.)  Whether the judgment provides for an additional transfer of property to respondent and whether appellant must honor that additional transfer are the very issues to be decided on the merits of this proceeding in the trial court.  Respondent is certainly not authorized to seize assets from appellant immediately by reason of this joinder/substitution order.

Finally, appellant asserts this court should treat this appeal as a writ petition and resolve the question of whether she was properly added as a party to this family court action before the merits of the dispute are resolved.  We decline to exercise our discretion to do so.  The interests of judicial economy are best served here by finally resolving the dispute between the parties at the trial court and reviewing any assertions of error in a single appeal.

## DISPOSITION

This appeal may proceed to the extent appellant seeks to challenge the December 10, 2018 orders granting a preliminary injunction to respondent and denying a preliminary injunction to appellant. On this court's own motion, the appeal is dismissed with regard to all other orders. If appellant chooses to maintain this appeal, her appellate briefing should be confined to the question of whether the trial court erred with regard to its injunctive relief rulings.