Filed 6/10/25  Marriage of Lahijani CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of LARISSA and KAVEH LAHIJANI. | |
| LARISSA LAHIJANI, | G063982 |
| Respondent, | (Super. Ct. No. 17D000491) |
| v. | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| KAVEH LAHIJANI, | |
| Appellant. | |

It is ordered that the opinion filed in this case on May 22, 2025, be modified as follows:

1. On page 3, following the subheading "POST DEFAULT JUDGMENT EVENTS," insert a paragraph, stating:

This action was filed in 2017. Our review of the record indicates that the trial court has still not entered a judgment

dissolving Larissa and Kaveh's marriage. The only judgment in the record is the one discussed above, against Kaveh's mother.

2. On page 3, following the new first full paragraph (ending with "Kaveh's mother"), modify the sentence "Meanwhile, in the trial court, Kaveh and Larissa continued litigating issues," so that the sentence instead reads as follows:

After that third party dispute was resolved, Kaveh and Larissa continued litigating.

3. On page 4, in the paragraph following the subheading "APPEALABILITY," following the citation "(*Id.* at p. 697.)," insert two sentences to conclude that paragraph as follows:

Family law cases are atypical in often producing separate appealable judgments on the distinct issues of dissolution, support, property, and custody issues. (*In re Marriage of Fink* (1976) 54 Cal.App.3d 357, 366–367.) And once judgment is entered, appeals may be taken from final postjudgment orders. (Code Civ. Proc., § 904.1, subd. (a)(2).)

4. On page 4, following the newly inserted language that ends with "(Code Civ. Proc., § 904.1, subd. (a)(2).)," insert a new paragraph that states:

Here no judgment has been entered by the trial court on any of the distinct issues present in a dissolution action. Rather, Kaveh seeks review from an order ruling on some property issues.

5. Following the newly inserted paragraph (that ends with "on some property issues"), insert the following sentence to begin the next

2

paragraph (which presently begins with "'A family law court'") with the following sentence:

> Nor did Kaveh seek permission from this court to file an interlocutory appeal.

6. On page 5, following the subheading "ANALYSIS," delete the paragraph that begins with "Kaveh presents," including footnote 4, and replace it with the following new paragraph:

> Kaveh presents no trial court certificate of probable cause for appeal necessary to move this court to file an interlocutory order. (Cal. Rules of Court, rule 5.392(b)–(d).)

7. In the final paragraph that precedes the header "DISPOSITION," modify the second sentence (that begins with "Accordingly") so that the sentence instead reads as follows:

> Accordingly, because he has not presented a certificate of probable cause for appeal (and no related motion), he has failed to demonstrate a ground for appealability pursuant to Code of Civil Procedure section 904.1 and therefore has not carried his burden to demonstrate appealability. (See *In re Marriage of Tim & Wong* (2019) 32 Cal.App.5th 1049, 1052 [appealable judgment or order is prerequisite of appeal].)

These modifications do not affect a change in the judgment.


O'LEARY, P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.

4

Filed 5/22/25  Marriage of Lahijani CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of LARISSA and KAVEH LAHIJANI. | |
| LARISSA LAHIJANI, Respondent, v. KAVEH LAHIJANI, Appellant. | G063982 (Super. Ct. No. 17D000491) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Israel Claustro, Judge. Dismissed.

Kaveh Lahijani, in pro. per., for Appellant.

Fuchs Law Group, John R. Fuchs and Gail S. Gilfillan for Respondent.

Kaveh Lahijani challenges rulings underlying a findings and order after hearing, entered as part of Larissa Lahijani's petition to dissolve her marriage to Kaveh.[1] He asserts the trial court granted relief that violates the rights of nonparty citizens of Honduras. Because Kaveh has not carried his burden to show an appealable order, we dismiss his appeal.

FACTS

I.

2022 DEFAULT JUDGMENT AGAINST KAVEH'S MOTHER

For context, we quote from our nonpublished prior opinion in *Lahijani v. Rashidi* (Dec. 21, 2022, G061125). "Larissa and Kaveh married in 1998 and purchased land in Honduras in 2007 while living in California. In 2011, Kaveh and Larissa moved to Honduras to develop a tourist resort called Little French Key on land owned by a Honduran corporation named Little Man, S.A., with Kaveh as its sole shareholder.

"In November 2016, Larissa moved back to California. A month before the move, according to Larissa, she 'obtained a [d]omestic [v]iolence [order, in Honduras,] against [Kaveh], that prohibited [Kaveh] from selling or transferring the entity that owns' Little French Key. Notwithstanding, Kaveh violated the Honduran order in January 2017 by transferring his Little Man shares to [his mother, Farzaneh] Rashidi.

"After returning to California, Larissa filed a January 2017 petition to dissolve her marriage to Kaveh." (*Lahijani v. Rashidi, supra,* G061125.) The trial court (Judge Mark S. Millard) authorized Larissa to join

---

[1] Because they share a surname, we will refer to the parties by their first names for clarity.

2

Rashidi as a defendant, and a default judgment was entered against Rashidi in January 2022 (Judge Thomas S. McConville). "The default judgment decreed, among other things, that Kaveh's transfer to Rashidi was 'void and of no legal effect' and that Larissa was authorized to 'take all lawful steps necessary to obtain and recover all shares of Little Man, and have those shares returned to the community.'" (*Ibid.*) A panel of this court affirmed the default judgment later that year.

## II.

### POST DEFAULT JUDGMENT EVENTS

Meanwhile, in the trial court, Kaveh and Larissa continued litigating issues. At issue here, in March 2023, Larissa filed a request for order. After three evidentiary hearings,[2] the court (Judge Israel Claustro) issued a February 2024 findings and order after hearing (the FOAH) that formalized the court's decisions for Larissa's request. The FOAH specified over 15 topics of factual findings[3] and granted remedies for Larissa pursuant to Family Code section 1101, subdivision (h), for breaches of spousal fiduciary duties by Kaveh. He filed a notice of appeal the following month.

---

[2] Minute orders for the evidentiary hearings were issued on November 28 and 29, 2023, and December 1, 2023.

[3] For example, the court found that Kaveh: "committed one or more acts of physical violence against" Larissa; "refused to comply" with a prior court order regarding support for Larissa; "denied [Larissa] access to [Little French Key] between 2017 and April 2022, despite six or seven Reintegration Orders issued by the Honduran Courts granting her access to [Little French Key], including on at least on[e] occasion releasing dogs to attack and intimidate her"; and "'sold'" Little French Key "to his girlfriend . . . and granted" her "and her family . . . the right to retain all revenue and income, which [the girlfriend] deposited into a . . . bank account in Toronto, Canada."

DISCUSSION

On appeal, Kaveh does not dispute that he breached his fiduciary duty to Larissa but asserts the remedies the trial court granted violated both domestic and foreign laws as well as the rights of Honduran citizens who were not before the court nor subject to its jurisdiction.

I.

APPEALABILITY

Before demonstrating trial court error, an appellant must establish appealability. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) The baseline principle is the one final judgment rule, which "prohibits review of intermediate rulings by appeal until final resolution of the case." (*Id.* at p. 697.)

"A family law court may bifurcate trial on one or more issues, including division of property or child custody, if resolution of the bifurcated issue is likely to simplify the determination of the other issues. [Citations.] Although an order on a bifurcated issue is not separately appealable, the family law court may certify in its order that there is probable cause for immediate appellate review of the issue, or it may do so in response to a party's motion made 10 days after mailing of the decision. [Citations.] 'If the certificate is granted, a party may . . . file in the Court of Appeal a motion to appeal the decision on the bifurcated issue.' [Citation.] Failure to seek or obtain appellate review of the decision on the bifurcated issue does not preclude review of the decision upon appeal of the final judgment. [Citation.]" (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1433, fns. omitted.)

4

## II.

### ANALYSIS

Kaveh presents no trial court certificate of probable cause for appeal. He instead characterizes his appeal as based on a "final, appealable judgment authorized by Code of Civil Procedure section 904.1," without specifying any of its several subdivisions defining grounds of appealability.[4]

We construe Kaveh's conclusory characterization as referencing section 904.1, subdivision (a)(1), which distinguishes an appealable final judgment from an interlocutory judgment that is not appealable. We reject his characterization because the distinction between a final and interlocutory judgment is whether the judgment resolves all issues between the parties. (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293 ["if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory"].) Even construing the FOAH as a judgment on property division, the underlying request for order by Larissa indicates that the relief she sought pertained to a *subset* of community property assets—those located in Honduras.

In other words, it is far from clear that the FOAH resolved all property division issues between the parties, contradicting Kaveh's assertion of a final judgment. Accordingly, because he has not presented a certificate of probable cause for appeal, he has failed to demonstrate a ground for appealability pursuant to section 904.1 and therefore has not carried his burden to demonstrate appealability. (See *In re Marriage of Tim & Wong*

---

[4] All undesignated statutory references are to the Code of Civil Procedure.

(2019) 32 Cal.App.5th 1049, 1052 [appealable judgment or order is prerequisite of appeal].)

DISPOSITION

The appeal is dismissed. Larissa shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


O'LEARY, P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.